```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

ESHEREF DEMAJ,                    :
                                  :
       Plaintiff,                 :
                                  :
v.                                :    Case No. 3:15-cv-1652 (RNC)
                                  :
LAURA ZUCHOWSKI, et al.,          :
                                  :
       Defendants.                :
```

RULING AND ORDER

Plaintiff Esheref Demaj, a citizen and resident of Italy, seeks an order compelling U.S. Citizenship and Immigration Services to reopen visa proceedings involving his ex-wife and the couple's children so that visas previously granted to them can be revoked. He contends that revocation of the visas would greatly improve the odds of the children returning to Italy. Defendants have moved to dismiss the action for lack of subject matter jurisdiction on the ground that plaintiff fails to satisfy the redressability requirement of standing under Article III of the Constitution. They argue that the probability a ruling in his favor will remedy the injury he identifies - being separated from his children - is too speculative to support standing. I agree and therefore grant the motion to dismiss.

I.   Background

The issue of plaintiff's standing arises in the following context. Plaintiff has three children with his ex-wife, Frida

Sakaj.[1]  In September 2007, Sakaj traveled to the United States with the children to visit her relatives.  She had agreed to return to Italy the following month.  Once she arrived here, she informed plaintiff that she did not plan to return to Italy.  Plaintiff filed a complaint with Italian police, and kidnapping charges were brought against Sakaj.  She was convicted in absentia and sentenced to two years' incarceration.

Plaintiff alleges that after arriving in the United States, Sakaj made a fraudulent criminal complaint that resulted in charges being brought against him.[2]  On the basis of these criminal charges, Sakaj applied for and was granted U visas for herself and the children.  USCIS had a copy of the Italian judgment against Sakaj showing that she had been convicted of kidnapping.  But the agency did not investigate and failed to detect that her application was fraudulent.  Plaintiff was never convicted of the charges brought against him.

The complaint alleges that plaintiff has been harmed by the grant of the U visa to Sakaj because it has prevented him from

---

[1] In a prior case under the Hague Convention involving these parties, Judge Margolis cited joint stipulations that plaintiff and Sakaj have three children together.  See Demaj v. Sakaj, No. 3:09 CV 255 JGM, 2013 WL 1131418, at *3 (D. Conn. Mar. 18, 2013).  The record includes a state court judgment of dissolution of marriage, see Sakaj v. Demaj, No. HHD-FA09-4046739-S (Conn. Super. Ct. Jan. 10, 2014), and plaintiff acknowledges the divorce in his papers, see Pl.'s Opp'n (ECF No. 23) at 23.

[2] The complaint does not include any further information about the charges, but it appears plaintiff was charged with domestic violence.

being reunited with his children in Italy.  He contends that if the visa is revoked, Sakaj will be forced to return to Italy with the children.

II.  Discussion

Article III of the Constitution limits the jurisdiction of the federal courts to "cases" and "controversies."  As part of this limitation, a plaintiff seeking to maintain a suit in federal court must demonstrate that he has standing to sue, in other words, that he is entitled to have the court decide the merits of the issues raised by the complaint.  See Warth v. Seldin, 422 U.S. 490, 498 (1975).  A plaintiff has standing if (1) he has suffered a concrete and particularized injury, (2) the injury is fairly traceable to the challenged action of the defendants, and (3) the injury is likely to be redressed by a decision in his favor.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).  In this case, only the third element - redressability - is at issue.

To establish redressability, plaintiff must show that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  Id. at 561 (quotations and citations omitted).  The redressability requirement helps "ensur[e] that there is an appropriate nexus between a plaintiff's alleged injury-in-fact and the claim for relief that the plaintiff wishes to assert."  Pettus v. Morgenthau, 554 F.3d

3

293, 298 (2d Cir. 2009).

With regard to this nexus, the Supreme Court has differentiated between situations where the plaintiff is the object of the challenged government action, as compared to situations - like the one here - where a plaintiff's asserted injury arises from the government's action with regard to someone else. Lujan, 504 U.S. at 561-62. In the latter circumstance, "much more is needed" to establish standing. Id. at 562. This is because the existence of standing "depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." Id. (quoting ASARCO Inc. v. Kadish, 490 U.S. 605, 615 (1989)). In these situations, plaintiff bears the burden of "adduc[ing] facts showing that those choices have been or will be made in such a manner as to . . . permit redressability of injury." Lujan, 504 U.S. at 562. Standing is "substantially more difficult to establish" when the plaintiff is challenging government action vis-à-vis someone else. Id. (quoting Allen v. Wright, 468 U.S. 737, 751 (1984)).

I agree with the defendants that the redressability requirement is not satisfied here. The connection between plaintiff's injury - continued separation from his children - and the relief he seeks - an order compelling USCIS to reopen the

visa proceedings and revoke the visas - is too attenuated to support standing.  As defendants argue, even if the U visas were revoked, Sakaj and the children could very well remain in the United States.  They could be granted other lawful status; even without lawful status, they could remain pending commencement of removal proceedings, which might never be initiated; and in the event a proceeding were commenced, they could obtain relief from removal.  Each of these scenarios is sufficiently plausible to prevent the plaintiff from satisfying the redressability requirement.[3]

III. Conclusion

Accordingly, the motion to dismiss (ECF No. 17) is hereby granted, and the complaint is dismissed for lack of subject matter jurisdiction.

So ordered this 31st day of March 2017.

```
             _____/s/_____
                     Robert N. Chatigny
                 United States District Judge
```

---

[3] Because this requirement is not met, it is unnecessary to address the defendants' other arguments.